Rudolf BROWN, Petitioner–Appellant,

v.

David MILLER, Superintendent of Eastern Correctional Facility, Respondent–Appellee.

Docket No. 05–5014–pr.

United States Court of Appeals, Second Circuit.

Argued: April 4, 2006.

Decided: June 7, 2006.

Claudia S. Trupp, Center for Appellate Litigation (Robert S. Dean, on the brief), New York, NY, for Petitioner-Appellant.

Alyson J. Gill, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York; Daniel Smirlock, Deputy Solicitor General; and Robin A. Forshaw, Deputy Solicitor General for Criminal Matters, on the brief), New York, NY, for Respondent–Appellee.

Before: CABRANES, SOTOMAYOR, and RAGGI, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Petitioner-appellant Rudolf Brown ("Brown") appeals from a judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, J.) denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Brown challenges his state-court conviction on the ground that he was (1) denied the right to present a witness in his defense in violation of the Compulsory Process Clause of the Sixth Amendment, (2) denied his Sixth Amendment right to the effective assistance of counsel, and (3) sentenced in violation of his Sixth Amendment right to a jury trial in light of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and its predecessors. In a concurrently filed summary order, we address Brown's claim under the Compulsory Process Clause and his claim of ineffective assistance of counsel. Here, we reject Brown's remaining claim and hold, following *Brown v. Greiner*, 409 F.3d 523 (2d Cir.2005), that the state court did not unreasonably apply *Ring* in sentencing Brown as a "persistent felony offender" pursuant to New York Penal Law § 70.10.

## BACKGROUND

In February 2000, Brown was convicted in New York Supreme Court, New York County, of burglary in the second degree, criminal mischief in the third degree, and resisting arrest. Prior to Brown's sentencing on May 15, 2000, the state filed a persistent felony offender statement indicating that Brown had been convicted of burglary in the third degree on April 8,

1988, and again on March · 21, 1990. Brown admitted that he had been convicted of these crimes and declined to challenge the constitutionality of either conviction. The court then sentenced Brown as a persistent felony offender on the burglary charge to fifteen years' to life imprisonment, to run concurrently with sentences of two to four years' imprisonment and one year's imprisonment.

The Appellate Division affirmed Brown's conviction on appeal, rejecting his Sixth Amendment challenge to the procedure under which he was sentenced as a persistent felony offender as unpreserved and denying it, in the alternative, on the merits. *People v. Brown*, 306 A.D.2d 12, 761 N.Y.S.2d 630 (1st Dep't 2003). The New York Court of Appeals denied leave to appeal by order dated August 18, 2003. *People v. Brown*, 100 N.Y.2d 592, 766 N.Y.S.2d 168, 798 N.E.2d 352 (2003). Brown thereafter moved pursuant to New York Criminal Procedure Law § 440.20(1) to set aside the sentence on the ground that New York's persistent felony offender scheme violates the Sixth Amendment. The state trial court denied the motion because the Appellate Division had already considered and rejected the same argument on direct appeal and because the New York Court of Appeals had approved the statutory scheme at issue in *People v. Rosen*, 96 N.Y.2d 329, 728 N.Y.S.2d 407, 752 N.E.2d 844 (2001). *People v. Brown*, Nos. 1735/99, 1908/99, 2246/99, slip op. at 2 (N.Y. Sup.Ct. June 17, 2004).

On federal habeas review, the district court rejected Brown's sentencing claim, citing our decision in *Brown*, 409 F.3d 523, and refused to issue a certificate of appealability on this issue. *Brown v. Miller*, 2005 WL 1773683, at *6–7 (S.D.N.Y. July 26, 2005). The district court, however, later granted Brown's motion to reconsider and granted Brown a certificate of appeal-

ability on this issue. *Brown v. Miller*, 2005 WL 2173761, at *2 (S.D.N.Y. Sept.7, 2005).

This timely appeal followed.

## DISCUSSION

Brown argues that the procedure under which he was sentenced as a persistent felony offender, which he claims required the sentencing judge to make factual findings about his history and character as well as the nature and circumstances of his criminal conduct before he could be sentenced within the enhanced range, violated his Sixth Amendment right to a jury trial as explained in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and clarified by *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556. The respondent urges us to adopt either or both of the Appellate Division's alternate holdings: that the claim was procedurally barred and that it is without merit. We address each argument in turn.

### I. Procedural Bar

■ Federal habeas courts do not generally entertain arguments that were procedurally defaulted in the state court if the finding of default constitutes an "independent and adequate state ground" for the state court's decision. *Cotto v. Herbert*, 331 F.3d 217, 238 (2d Cir.2003). We presume that there is no such independent and adequate ground, however, when, *inter alia*, the decision appears to be "interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion." *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citation and internal quotation marks omitted). Here, the Appellate Division relied on *People v. Rosen*, 96 N.Y.2d 329, 728 N.Y.S.2d 407, 752

N.E.2d 844, to determine that Brown's claim was procedurally barred. We have previously noted that the New York Court of Appeals concluded in *Rosen* that an *Apprendi* challenge to the persistent felony offender statute was without merit before determining that there was no "mode of proceedings" error and, as a result, that the alleged error required preservation. *Brown*, 409 F.3d at 532 (citing *Rosen*, 96 N.Y.2d at 335, 728 N.Y.S.2d 407, 752 N.E.2d 844, and explaining that had the New York court "found the claim meritorious [under *Apprendi*], it would have needed to decide whether it came within the 'mode of proceedings' exception to the rule barring consideration of unpreserved objections, which applies in the case of fundamental errors that impair the validity of the proceeding"). Because the Appellate Division in this case relied on *Rosen* in concluding that Brown's claim was procedurally barred, "[t]he procedural ruling based on state law was therefore 'interwoven' with the court's rejection of the federal law claim on the merits" and "does not bar federal habeas review." *Id.*

## II. Merits

■ Under 28 U.S.C. § 2254, we must give deference to the state court's interpretation of federal law where the state court adjudicated the petitioner's claim on the merits unless the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28

U.S.C. § 2254(d)(1). The question presented here is whether, in sentencing Brown as a persistent felony offender pursuant to New York Penal Law § 70. 10, the state court unreasonably applied *Ring* and the cases that preceded it, as understood at the time.[1] Following *Brown*, we conclude that it did not.

The sentence-enhancing statute for persistent felony offenders at issue on this appeal is New York Penal Law § 70.10. The statute is designed to provide enhanced punishment for recidivists and characterizes as a "persistent felony offender" any defendant "who stands convicted of a felony after having previously been convicted of two or more felonies." N.Y. Penal Law § 70.10(1)(a) (McKinney's 2004). In lieu of the sentence otherwise authorized by the penal law, the sentencing court "may" sentence such offenders as though the offense of conviction were a class A–1 felony. N.Y. Penal Law § 70.10(2). Class A–1 felonies carry a minimum sentence of not less than fifteen years' imprisonment and a maximum of life imprisonment. N.Y. Penal Law § 70.00(2)(a) & (3)(a)(i).

Section 400.20 of the Criminal Procedure Law provides that the enhanced sentence:

> may not be imposed unless, based upon evidence in the record of a hearing held pursuant to this section, the court (a) has found that the defendant is a persistent felony offender as defined in subdivision one of section 70.10 of the penal

---

1. As we noted in *Brown*, we have received "inconsistent guidance" as to whether we look to Supreme Court precedent at the time the state-court conviction became final on direct appeal, or at the time of the relevant state-court decision. 409 F.3d at 533 n. 3. Like *Brown*, however, this case does not depend upon which formulation applies. Brown's conviction became final after *Ring* was decided but before the Supreme Court's

rulings in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Brown does not contend that either *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), or *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), would be relevant to his claim.

law, and (b) is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest.

N.Y.Crim. Proc. Law § 400.20(1) (McKinney's 2005). The burden of proof at such a hearing is on the prosecution, and "[m]atters pertaining to the defendant's history and character and the nature and circumstances of his criminal conduct" must be established by a preponderance of the evidence. *Id.* § 400.20(5). Finally, where a sentencing court imposes a persistent felony offender sentence, "the reasons for the court's opinion shall be set forth in the record." N.Y. Penal Law § 70.10(2).

Brown argues principally that our reasoning in *Brown*—that the state court had not unreasonably applied *Apprendi* in sentencing the petitioner in that case as a persistent felony offender—does not apply equally to the Supreme Court's ruling in *Ring*. Because we reject the argument advanced by Brown, we need not consider respondent's contention that the ruling of the New York Court of Appeals in *People v. Rivera*, 5 N.Y.3d 61, 800 N.Y.S.2d 51, 833 N.E.2d 194 (2005), issued after Brown's conviction became final on direct appeal, affects Brown's habeas claim.

In *Brown*, we considered a challenge to New York's "discretionary" persistent felony offender statute under *Apprendi*.[2] We ruled first that New York's requirement of a judicial finding that the defendant have two predicate felony convictions falls within *Apprendi's* "fact of a prior conviction" exception. *Id.* at 534. In ad-

dressing § 400.20(1)'s second requirement concerning the history and character of a defendant and the nature and circumstances of his or her criminal conduct, we characterized *Apprendi* and its predecessors as having "involved findings of specifically enumerated facts that were necessary to increase sentencing ranges." *Id.* We contrasted the precise finding of a specific fact with the second determination to be made under the New York statute, which we characterized as "a vague, amorphous assessment of whether, in the court's 'opinion,' 'extended incarceration and life-time supervision' of the defendant 'will best serve the public interest.'" *Id.* (quoting N.Y. Penal Law § 70.10(2)). We held in *Brown* that we could not say that "the New York Court of Appeals unreasonably applied *Apprendi* when it concluded that this second determination is something quite different from the [specific] fact-finding addressed in *Apprendi* and its predecessors." *Id.* at 534–35. We emphasized that, while New York's statute turns on certain findings, the statute does not enumerate any specific facts that must be found by the sentencing court before it can conclude that an enhanced sentence is in the public's best interest and noted that it was not unreasonable "to conclude that such determinations regarding the defendant's history, character, and offense fall into a different category from the essential statutory elements of heightened sentencing, or functional equivalents thereof, that were addressed by the Supreme Court's *Apprendi* ruling." *Id.* at 535. The question presented here is whether *Ring* expounded upon the rule of *Apprendi* so as to make our reasoning in *Brown* inapplicable here. We think that it did not.

---

**2.** We noted in *Brown* that the "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), both at the time of the state-court decisions and at the time that the appellants' cases became final

on direct review, extended only through *Apprendi* and did not include the Supreme Court's subsequent opinions interpreting *Apprendi* and addressing the Sixth Amendment right to a jury trial. 409 F.3d at 533 n. 3.

In *Apprendi*, the Supreme Court held that a statute authorizing a judge to impose an enhanced sentence after finding a specific fact violates a defendant's right to a jury trial under the Sixth Amendment. *See* 530 U.S. at 491–92, 120 S.Ct. 2348. In *Ring*, the Court considered the Sixth Amendment right to a jury trial in capital prosecutions. Specifically, the Court considered the constitutionality of Arizona's first-degree murder statute, which provided that the offense was punishable by life imprisonment or by death if the judge, sitting alone, made further findings. 536 U.S. at 592, 122 S.Ct. 2428. The Arizona statute set forth several aggravating facts and authorized the judge to sentence a defendant to death only if there was at least one aggravating circumstance and no "mitigating circumstances sufficiently substantial to call for leniency." *Id.* at 592–93, 122 S.Ct. 2428 (citation and internal quotation marks omitted). The Court invalidated the statute, holding that "[c]apital defendants, no less than noncapital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Id.* at 589, 122 S.Ct. 2428. The Court reiterated its analysis from *Apprendi* and stated that, "[i]f a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." *Id.* at 602, 122 S.Ct. 2428.

*Ring* did not expound upon the rule announced in *Apprendi* in a way that is significant to the disposition of this case. Both *Ring* and *Apprendi* involved statutes that required judges to find specified facts (i.e., judicial factfinding of an element of the crime) in order to impose an enhanced sentence, not the kind of "amorphous" determination required by New York's statute (i.e., a determination of the appropriateness of enhanced sentencing). We do not agree with Brown that the fact that the statute at issue in *Ring* required judges to find one of several specified facts, rather than a single specified fact as did the statute at issue in *Apprendi*, materially distinguishes the two cases. Nor does the fact that the statute at issue in *Ring* required judges to determine that no mitigating circumstances were substantial enough to call for leniency materially change the analysis. Each case involved a statute that required the sentencing judge to find some specified fact before imposing an enhanced sentence. The reasoning of *Brown*—that the state court did not unreasonably apply *Apprendi* in distinguishing the kind of specific factfinding at issue in that case from the more general assessment required by the New York statute—therefore applies here. Following *Brown*, we hold that the state court did not unreasonably apply *Ring* in sentencing Brown as a persistent felony offender.[3]

## CONCLUSION

For the foregoing reasons and those stated in our corresponding summary order, we AFFIRM the judgment of the district court.

---

3. We note that the precise question before us is whether either at the time Brown's conviction became final on direct appeal or at the time of the Appellate Division's ruling, the Appellate Division's ruling was unreasonable.

For the reasons expressed in *Brown*, we find that it was not. As noted previously, however, we do not address *Rivera* or whether the Appellate Division's conclusions would be reasonable in light of *Blakely* or *Booker*.