**Jamel WITHERSPOON, Petitioner,**

v.

**Superintendent Robert K. WOODS, Respondent.**

**No. 06–1376–PR.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Paul Skip Laisure (Lynn Fahey, on the brief), Appellate Advocates, New York, NY, for Petitioner.

Ann Bordley (Leonard Joblove, on the brief), Kings County District Attorneys' Office, Brooklyn, NY, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN and BARRINGTON D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Jamel Witherspoon ("Witherspoon") appeals from the decision of the District

Court, denying his request for the issuance of a writ of habeas corpus.

A certificate of appealibilty was issued by the district court on the issue of whether Witherspoon's sentence pursuant to New York's persistent felony offender statute, N.Y. Penal Law § 70. 10, was contrary to or involved an unreasonable application of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

The sentence imposed pursuant to the persistent felony offender statute was neither "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and expounded in *Ring*, a statute that merely mandates sentencing courts' consideration of defendants' histories, characteristics, and offenses falls into a different category than those that require the judicial finding of specific facts. *See Brown v. Miller*, 451 F.3d 54 (2d Cir.2006); *Brown v. Greiner*, 409 F.3d 523, 534–35 (2d Cir.2005). In *Brown v. Miller*, this court held that the " 'amorphous' determination required by New York's [persistent felony offender] statute" was not analogous to the judicial factfinding of an element of the crime. 451 F.3d at 59.

We therefore affirm the judgment of the district court.