07-5192-pr
Glaser v. Poole

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:
        HON. WILFRED FEINBERG,
        HON. JON O. NEWMAN,
        HON. ROBERT A. KATZMANN,
           *Circuit Judges.*

_____

CHARLES GLASER,

      *Petitioner-Appellant,*

         v.                    No. 07-5192-pr

THOMAS POOLE, Superintendent, Five Points Correctional Facility, and ANDREW M. CUOMO, New York State Attorney General,[*]

      *Respondents-Appellees.*[**]

_____

For Petitioner-Appellant:      LORRAINE MADDALO (Steven Banks, *on the brief*),The Legal

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), New York State Attorney General Andrew M. Cuomo is automatically substituted for former Attorney General Eliot Spitzer as a respondent in this case.

[**] The Clerk of Court is directed to amend the official caption as set forth above.

Aid Society, Criminal Appeals Bureau, New York, NY

For Respondents-Appellees:    MARK DWYER, Assistant District Attorney, *for* Robert M. Morgenthau, District Attorney, New York County, New York, NY

Appeal from the United States District Court for the Southern District of New York (Robinson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-appellant Charles Glaser appeals from a judgment of the district court dated November 13, 2007, dismissing his petition for a writ of habeas corpus. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Glaser's argument that New York's persistent felony offender sentencing statute, N.Y. Penal Law § 70.10, is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny is precluded by this Court's prior rejection of that argument in *Brown v. Miller*, 451 F. 3d 54 (2d Cir. 2006).

While Glaser urges us to reconsider *Brown* in light of more recent Supreme Court cases applying *Apprendi*, we have made clear that "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), includes only those Supreme Court cases that have been decided, at the latest, by the time a habeas petitioner's conviction becomes final, and that "[l]ater Supreme Court decisions play no role in assessing the reasonableness of the state court decisions." *Brown v. Greiner*, 409 F.3d 523, 533 & n.3 (2d Cir. 2005). Because he did not file a petition for a writ of certiorari, Glaser's conviction became final

2

ninety days after the New York Court of Appeals denied him leave to appeal, *see People v. Glaser*, 772 N.E.2d 612 (N.Y. 2002), that is, on August 8, 2002. *See, e.g.*, *Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000) (discussing when state criminal convictions become final). At that time, the only relevant Supreme Court decisions were *Apprendi* and *Ring v. Arizona*, 536 U.S. 584 (2002), and thus those are the only cases that may be considered here. Since this Court has already considered the effect of both *Apprendi* and *Ring* in *Brown v. Miller*, 451 F. 3d at 56, we must follow our precedent.[1]

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] This Court recently decided the cases consolidated under *Besser v. Walsh*, --- F.3d ----, No. 05-4375, 2010 WL 1223194, 2010 U.S. App. LEXIS 6704 (2d Cir. Mar. 31, 2010), which, though related to the issues raised here, does not affect our analysis.

3