■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WEISS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 16, 1982, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and sen-

tencing him, after a hearing, as a persistent felony offender to a term of 15 years to life imprisonment on his conviction of burglary in the second degree and to time served on the remaining convictions.

Judgment modified, on the law, by vacating the sentence imposed on the defendant's conviction of burglary in the second degree. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for resentence in accordance herewith.

The defendant's contention that he was denied the effective assistance of counsel at his persistent felony offender hearing is without merit. The record indicates that defense counsel put both the defendant and his sister on the stand at said hearing and elicited lengthy testimony concerning the defendant's harsh and unstable family environment, his institutionalization at age six, his inability to obtain employment, and his chronic alcohol abuse. The elicitation of such testimony by counsel was clearly a matter of strategy, for the gist of the defense was to present mitigating factors to the court in the hope that said factors would lessen the severity of the defendant's sentence. The mere fact that these tactics proved unsuccessful cannot be equated with ineffective assistance of counsel. Under the totality of the circumstances presented in this record, we cannot say that the defendant was denied meaningful representation (see, People v Lane, 60 NY2d 748; People v Baldi, 54 NY2d 137; People v Dudley, 110 AD2d 652).

However, we note that the defendant was incorrectly sentenced as a persistent felony offender pursuant to Penal Law § 70.10. The minutes of the presentence hearing indicate that the defendant has two prior violent felony convictions in addition to his present conviction of burglary in the second degree, a violent felony offense (see, Penal Law § 70.02 [1] [b]). Hence, we agree with the defendant's contention that he should have been sentenced as a persistent violent felony offender to the mandatory enhanced punishment provided in Penal Law § 70.08, instead of under the discretionary persistent felony offender statute. Indeed, this result is mandated by the language of Penal Law § 70.10 (1) (see, Hechtman, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.10, p 246 [1986 Supp Pamph]). Insofar as the defendant questions the constitutionality of his prior convictions on the instant appeal, we merely note that the issue is not preserved for our review, as the defendant admitted at the presentence hearing that these convictions were constitutionally obtained. Additionally, we note that

while the defendant was sentenced pursuant to the wrong statute, the actual sentence term of 15 years to life imprisonment was neither harsh nor excessive under the circumstances.

We have reviewed the remaining contentions of the defendant and find them to be either unpreserved for review or without merit. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.