THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HELLAH BROADHEAD, Appellant

The defendant was convicted of robbery in the first degree upon evidence that he forcibly gained entry into a New York City Transit Authority token booth, thus allowing his accomplice to take the money from the booth. The defendant, upon meeting with resistance, placed his hand into his pocket which was "bulky" and "weighted". After this action by the defendant, the victims ceased their resistance and allowed him to

enter the booth. The defendant contends that the prosecution failed to prove that he consciously displayed what appeared to be a firearm within the meaning of Penal Law § 160.10 (2) (b). However, the defendant did not make any reference to this argument during his motion to dismiss the count of the indictment charging him with robbery in the first degree at trial. Therefore, the defendant's present contention, which is asserted here for the first time, is not preserved for appellate review (see, People v Bynum, 70 NY2d 858; People v Stahl, 53 NY2d 1048, 1050).

In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant consciously displayed what appeared to be a firearm. The Court of Appeals has held that this requirement is satisfied if "the defendant, by his actions, consciously manifest[s] the presence of an object to the victim in such a way that the victim reasonably perceives that the defendant ha[d] a gun" (People v Lopez, 73 NY2d 214, 222; see also, People v Baskerville, 60 NY2d 374, 381). Further, an object can be "displayed" (People v Lopez, supra, at 222) without actually being seen by the victim. Thus, in this case, despite the absence of any language specifically announcing the possession of a firearm, the defendant consciously displayed the object in his pocket when he reached into his bulky pocket, under such circumstances that the victims reasonably perceived that he had a handgun (see, People v Knowles, 79 AD2d 116). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to robbery in the first degree was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.