■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD RICE, Appellant. [728 NYS2d 376] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barros, J.), rendered April 14, 1999, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court clerk advised the defendant pursuant to CPL article 400 that the People filed a statement alleging that he had been previously convicted of a felony and asked if he received a copy of that statement. The defendant informed the court that he received a copy of the statement which he read and discussed with his counsel. The statement indicated that the defendant was previously convicted of attempted burglary in the second degree and burglary in the second degree. The clerk then advised the defendant, *inter alia,* that he may admit or deny that he was the person named in the statement, and that he had the right to contest or challenge any of the allegations made against him in the statement. The defendant admitted to being the person named in the statement and did not contest any of its allegations or raise any objections with respect to the constitutionality of the previous convictions.

The Supreme Court adjudicated the defendant as a persistent violent felony offender and sentenced him to an indeterminate term of 12 years to life imprisonment, pursuant to Penal Law § 70.08 and CPL 400.16. The defendant claims that the enhanced sentence violated his constitutional right to have a trial by jury to establish the facts of his prior felony convictions. The defendant also claims that the adjudication violated his constitutional rights because the indictment did not contain a persistent violent felony offender charge.

The defendant's claims are unpreserved for appellate review, as he failed to object to the predicate felony statement or the constitutionality of his prior convictions (*see, People v Rosen,* 96 NY2d 329; *People v Callahan,* 80 NY2d 273, 281). In any event, the defendant's arguments are without merit. The defendant's sentence was enhanced solely based upon his recidivism. Thus, he was not entitled to a jury trial to determine the facts of his prior felony convictions or to receive notice of a

persistent violent felony offender charge in the indictment (*see, People v Rosen, supra*). O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.