■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PAGE, Appellant. [785 NYS2d 338]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 18, 2002 (*People v Page,* 292 AD2d 547 [2002]), affirming three judgments of the County Court, Orange County, all rendered December 5, 1996.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Ritter, J.P., Santucci, Florio and Adams, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RENNA, Appellant. [785 NYS2d 339]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 28, 2002, convicting him of attempted burglary in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's constitutional challenge to the mandatory sentence enhancement provisions of Penal Law § 70.08, raised for the first time on appeal, is not preserved for appellate review as matter of law (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Besser,* 96 NY2d 136 [2001]; *People v Norris,* 5 AD3d 796, 797 [2004]; *People v Josey,* 5 AD3d 398, 399 [2004]). In any event, we find that the mandatory sentence enhancement provisions of Penal Law § 70.08 do not violate either the Federal or the State Constitution (*see Apprendi v New Jersey,* 530 US 466, 490 [2000]; *Almendarez-Torres v United States,* 523 US 224 [1998]; *People v Rosen, supra; People v Horn,* 7 AD3d 638 [2004], *lv denied* 3 NY3d 659 [2004]; *People v Horne,* 6 AD3d 549 [2004], *lv denied* 3 NY3d 641 [2004]). Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.