THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BROWN, Appellant. [790 NYS2d 411]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered April 21,

2003, convicting him of burglary in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's constitutional challenge to the mandatory sentence enhancement provisions of Penal Law § 70.08 on the ground that there is no provision for a jury trial to determine the facts of his prior violent felony convictions, is unpreserved for appellate review, as he failed to object to the predicate felony statement or to the constitutionality of those convictions (*see People v Callahan,* 80 NY2d 273, 281 [1992]; *People v Rice,* 285 AD2d 617 [2001]; *People v Horn,* 7 AD3d 638 [2004]; *People v Weiss,* 122 AD2d 180 [1986]). In any event, as the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]), he was not entitled to a jury trial to determine the facts of his prior violent felony convictions (*see People v Renna,* 13 AD3d 398 [2004]; *People v Regan,* 11 AD3d 640 [2004], *lv denied* 4 NY3d 747 [2004]; *People v Rice, supra; People v Horn, supra; see also Long v Donnelly,* 335 F Supp 2d 450, 465-466 [2004]; *McKenzie v Poole,* 2004 WL 2671630, 2004 US Dist Lexis 23598 [ED NY, Nov. 23, 2004]; *Green v Herbert,* 2002 WL 1587133, 2002 US Dist Lexis 13108 [SD NY, July 18, 2002]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review or without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.