THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE ROGERS, Appellant. [796 NYS2d 134]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered February 6, 2003, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt. The complainant's testimony that during the course of the robbery he observed a "long protruding object" coming from the pocket area of the defendant's jacket, that the defendant pressed the object against the side of his waist, and that he thought the object was "[m]ost likely a gun" was legally sufficient to establish the "displays what appears to be a . . . firearm" element of Penal Law § 160.15 (4) (see *People v Lopez,* 73 NY2d 214, 220 [1989]; *People v Baskerville,* 60 NY2d 374, 381 [1983]; *People v Washington,* 229 AD2d 601 [1996]; *People v Broadhead,* 179 AD2d 766 [1992]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of the crime of robbery in the first degree was not against the weight of the evidence.

The defendant's claim that the enhanced sentence violated his constitutional right to have a jury determine his status as a persistent violent felony offender is unpreserved for appellate review, as he failed to object to the constitutionality of his prior

convictions (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Callahan,* 80 NY2d 273, 281 [1992]; *People v Horn,* 7 AD3d 638 [2004]). In any event, as the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]), he was not entitled to a jury trial to determine the facts of his prior felony convictions (*see People v Regan,* 11 AD3d 640 [2004], *lv denied* 4 NY3d 747 [2004]; *People v Rice,* 285 AD2d 617 [2001]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.