THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLA HIGHSMITH, Appellant. [801 NYS2d 355]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered June 13, 2003, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see Jackson v Virginia,* 443 US 307 [1979]; *People v Mateo,* 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The prosecution proved that the defendant matched the description given by the victim, who was robbed in her home by an intruder with a gun. The defendant was apprehended the night of the incident in the vicinity of the victim's home, and was found with a loaded thirty-round-capacity, nine-millimeter gun identified by the victim as similar to the one used by the intruder, for which the defendant did not have a permit, and which was missing one round. Moreover, one round of ammunition was found in the victim's home, and a firearms' expert concluded that the round was consistent with a round from the gun found on the defendant. The defendant was also found with the sum of $160 cash in his pocket, the same amount of cash the victim reported had been taken from her wallet.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). The weight of the evidence adduced at trial clearly established that the defendant was the armed intruder who perpetrated a home invasion and bound and robbed the victim.

Further, the trial court providently exercised its discretion in denying the defendant's motion for a mistrial and issuing curative instructions after striking testimony from an investigating officer on the ground that inculpatory statements attributed to the defendant were obtained after he had unequivocally invoked his right to remain silent.

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Besser*, 96 NY2d 136 [2001]; *People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Alexander*, 16 AD3d 515 [2005], *lv denied* 5 NY3d 758 [2005]; *People v Brown*, 16 AD3d 430 [2005], *lv denied* 4 NY3d 852 [2005]; *People v Renna*, 13 AD3d 398 [2004]). In any event, the defendant's argument is without merit as his sentence was enhanced solely based on his recidivism (*see* Penal Law § 70.08 [1] [a]; *People v Rivera*, 5 NY3d 61 [2005], petition for cert filed Aug. 26, 2005 [No. 05-6081]; *People v Rosen, supra* at 334-335). Thus, he was not entitled to a jury

trial to determine the facts of his prior convictions (*see People v Brown, supra; People v Regan,* 11 AD3d 640 [2004]; *People v Rice,* 285 AD2d 617 [2001]). Prudenti, P.J., Crane, Goldstein and Mastro, JJ., concur.