THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES THOMAS, Appellant. [850 NYS2d 530]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered June 23, 2005, convicting him of robbery in the first degree (two counts), grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 25 years' to life imprisonment for the two counts of robbery in the first degree, and a consecutive indeterminate term of two to four years' imprisonment for grand larceny in the fourth degree, to run concurrently with a determinate term of one year imprisonment for criminal possession of stolen property in the fourth degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in modifying its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) to allow the prosecution to question him about the underlying facts of his prior felony convictions. The defendant testified that he pleaded guilty in prior cases because he was in fact guilty, and that he did not plead guilty here because he was not guilty.

He thus opened the door to cross-examination exploring his true motivation for the prior guilty pleas (*see People v Marable,* 33 AD3d 723, 725 [2006]). The defendant also testified to facts that were in conflict with the precluded evidence, thereby opening the door to impeachment with the precluded evidence (*see People v Rodriguez,* 85 NY2d 586, 591 [1995]; *People v Jones,* 278 AD2d 246 [2000]). The People were entitled to address, in cross-examination, any misleading impression given to the jury (*see People v Fosmer,* 293 AD2d 824, 826 [2002]).

As the defendant's sentence was enhanced solely based upon his recidivism (*see* Penal Law § 70.08 [1] [a]; [3] [a-1]), he was not entitled to a jury trial to determine the facts of his prior felony convictions (*see People v Highsmith,* 21 AD3d 1037, 1038 [2005]; *People v Rogers,* 19 AD3d 437, 438 [2005]; *People v Brown,* 16 AD3d 430 [2005]; *People v Renna,* 13 AD3d 398 [2004]). However, the sentence was excessive to extent indicated herein (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.