◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN TYRELL, Appellant. [888 NYS2d 610]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Bellantoni, J.), rendered June 21, 2006, convicting him of manslaughter in the first degree, assault in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

On Saturday, December 21, 1991, the defendant was collecting admission money at the door for a house party in Elmsford, in Westchester County. Carlos Robinson arrived at the party around midnight, and he and the defendant became involved in an argument. Robinson threw a beer bottle at the defendant, Robinson testified that he missed; the defendant testified that the bottle hit him in the chest. In response, the defendant took out his gun and shot at Robinson, who, the defendant testified, was reaching for something in his trench coat. Robinson was shot in the face. He lost the sight in his right eye, and the hearing in his right ear. The defendant's friend Ansel Barrett was also shot, and died.

The defendant was arrested 14 years later by United States Marshals in Florida, where he was living under the name of Chris Riley. After he was read his *Miranda* rights (*see Miranda*

*v Arizona,* 384 US 436 [1966]) and asked to see his lawyer, a deputy United States Marshal informed the defendant that he was being arrested for a shooting in New York 14 years earlier; the defendant responded by saying that he was at the shooting, but did not do it. The hearing court denied that branch of the defendant's omnibus motion which was to suppress this statement.

At trial, the defendant took the stand in his own defense, and the People asked him about prior convictions for marijuana possession, assault, and battery, pursuant to a pretrial *Sandoval* ruling *(see People v Sandoval,* 34 NY2d 371 [1974]). The jury convicted the defendant of manslaughter in the first degree, assault in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree.

It is within a trial court's discretion to allow the People to impeach the defendant with prior convictions, should he choose to take the stand *(see People v Mattiace,* 77 NY2d 269, 274-275 [1990]; *People v Sandoval,* 34 NY2d 371 [1974]). The Court must strike an appropriate balance between the probative value of the defendant's prior convictions on the issue of credibility and the possible prejudice to the defendant *(see People v Springer,* 13 AD3d 657, 658 [2004]). The defendant bears the burden of demonstrating that "the prejudicial effect of admitting the prior conviction would so outweigh the probative worth on the issue of credibility as to warrant its exclusion" *(People v Brooks,* 104 AD2d 999, 999 [1984]). Here, the County Court providently exercised its discretion in allowing the People to inquire about the defendant's prior convictions. Moreover, the defendant's testimony that he had never used drugs opened the door to further inquiry regarding his conviction for marijuana possession *(see People v Thomas,* 47 AD3d 850, 850-851 [2008]; *People v Martinez,* 1 AD3d 611 [2003]).

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress the statement he made to the deputy United States Marshal. "Volunteered statements are admissible provided the defendant spoke with genuine spontaneity 'and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " *(People v Rivers,* 56 NY2d 476, 479 [1982], quoting *People v Maerling,* 46 NY2d 289, 302-303 [1978]; *see People v Hylton,* 198 AD3d 301 [1993]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review *(see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v Finger,* 95

NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). The evidence was sufficient to establish the physical injury element of assault in the first degree, and that the defendant was not justified (*see* Penal Law § 120.10 [1]; *People v Alexander,* 50 AD3d 816, 817-818 [2008]; Penal Law § 35.15 [2]; *People v Candelaria,* 206 AD2d 385 [1994]).

The defendant's remaining contention does not require reversal (*see People v Crimmins,* 36 NY2d 230 [1975]). Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.