People v Moye (2025 NY Slip Op 05967)

People v Moye

2025 NY Slip Op 05967

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-04568
 (Ind. No. 72801/22)

[*1]The People of the State of New York, respondent, 
v
Terrell Moye, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and MyeongHwan Cha of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered April 17, 2023, convicting him of attempted arson in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that he was unconstitutionally sentenced as a second violent felony offender because a judge, rather than a jury, determined that his previous conviction was a violent felony offense (see generally Erlinger v Untied States, 602 US 821; Apprendi v New Jersey, 530 US 466). This contention is unpreserved for appellate review (see People v Hernandez, 43 NY3d 591, 597-598; People v Munoz, 237 AD3d 1110, 1111). In any event, the contention is without merit. Under the New York sentencing scheme, the question of whether a prior felony offense is a violent felony offense is not a factual one based on the circumstances of the crime, but rather a purely legal one based on whether the offense is one of the crimes listed in Penal Law § 70.02(1) (see id. § 70.04[1][a]). Thus, it is not a fact that must be found by a jury (see Erlinger v United States, 602 US at 834, 838-839; Almendarez-Torres v United States, 523 US 224, 226-227; People v Bell, 15 NY3d 935).
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court