People v Veeney (2025 NY Slip Op 51729(U))

[*1]

People v Veeney

2025 NY Slip Op 51729(U)

Decided on October 30, 2025

Supreme Court, Kings County

Hecht, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 30, 2025
Supreme Court, Kings County

The People of the State of New York

against
Rodney Veeney, Defendant.

Ind. No. 9608/2013

ADA David Mehl, Kings County District Attorney's Office
Rodney Veeney, pro se

John T. Hecht, J.

Defendant Rodney Veeney moves pro se pursuant to Criminal Procedure Law ("CPL") § 440.20 to set aside his sentence and to be resentenced. Relying on the United States Supreme Court's decision in Erlinger v United States, 602 US 821 [2024], defendant claims that New York's procedure for adjudicating him a persistent violent felony offender is unconstitutional. The People oppose.
On October 29, 2013, near 92 and 100 Center Mall, Brooklyn, defendant chased and fired a gun several times at Raheem Sams, missing him. Defendant then approached Kenneth Purvis and shot him multiple times, grievously wounding him in the abdomen, chest, and leg.
On April 28, 2015, a unanimous jury convicted defendant of Attempted Murder in the Second Degree (Penal Law ("PL") § 110/125.25[1]) and Assault in the First Degree (PL § 120.10[1]) with respect to Mr. Purvis; Attempted Assault in the First Degree (PL § 110/120.10[1]) with respect to Mr. Sams; and Criminal Possession of a Weapon in the Second Degree (PL § 265.03[1][b]).
Defendant was sentenced on June 4, 2015. The People filed a predicate felony statement alleging that defendant had two prior violent felony convictions that, under the enhanced sentencing statute, occurred within ten years of the commission of defendant's present offense. These were a conviction after trial of Robbery in the First Degree, for which defendant was sentenced on May 17, 1993, to a term of incarceration of between 10 and 20 years, and a conviction after plea to Robbery in the Second Degree, for which he was sentenced on December 4, 1989, to a term of incarceration of between 18 and 54 months.
At the sentencing hearing, the court gave defendant the opportunity to controvert the People's predicate felony statement. He did not challenge the People's account of his prior [*2]convictions nor the amount of time he had spent incarcerated between the commission of the first crime and the present one. Rather, he stood mute, and the court deemed defendant to have admitted the charges in the statement (6/4/2015 tr at 8-10). The court determined that defendant was previously sentenced to two qualifying violent felony convictions within the lookback period and adjudicated him a persistent violent felony offender (see PL § 70.04[1][b][iv]-[v]; 6/4/2015 tr at 10).
When given a chance to speak before the pronouncement of sentence, defendant elaborated that his prior convictions were "drug induced crimes and in the 80s and 90s" (id. at 17).
The court sentenced defendant to 41 years to life incarceration (Guzman, J., at trial and sentence).[FN1]

Defendant does not presently dispute the facts of the prior convictions, their relevant dates, or the time he spent incarcerated in the period at issue. He disputes, rather, the sentencing court's ability to sentence him to an enhanced sentence based on prior convictions without a jury's having found that he had previously been convicted of the two prior violent felonies. He claims that the procedure set forth in the CPL for determining whether a defendant should receive an enhanced sentence as a persistent violent felony offender is unconstitutional under Erlinger.
Under PL § 70.08, a "persistent violent felony offender" is a person who has been "convicted of a violent felony offense . . . after having previously been" convicted of "two or more" such felonies (PL § 70.08[1][a]). To determine whether a prior violent felony conviction qualifies, courts apply the criteria set forth in PL § 70.04[1][b], which pertains to sentencing second violent felony offenders.
Pursuant to PL § 70.04[1][b], for a prior felony to qualify as a predicate, each prior sentence must have been imposed before commission of the present felony and not more than ten years before the commission of the next subsequent felony, excluding time during which the defendant was incarcerated for any reason between the commission of the prior felonies and the commission of the instant felony; and the ten-year period is extended by the time served under such incarceration (PL §§ 70.04[1][b][i] — [ii], [iv]-[v], 70.08[1][a]; see also CPL §§ 400.15, 400.16).
Here, because of the tolling provision of PL § 70.04[1][b][v], activated by his nearly 20 [*3]years' incarceration during the relevant period, defendant's prior violent felony convictions in 1993 for Robbery in the First Degree and in 1989 for Robbery in the Second Degree served as predicates for his sentence as a persistent violent felony offender for the instant offense, which he committed on October 29, 2013
In Erlinger, the Supreme Court addressed a narrow question regarding the federal Armed Career Criminal Act ("ACCA"), which exposes a defendant to enhanced sentencing if he has three prior convictions for certain offenses "committed on occasions different from one another" (18 USC § 924[e][1]).
While the Court concluded that the Constitution requires a jury to resolve ACCA's "occasions" inquiry, it limited its decision to the facts of that case (Erlinger, 602 US at 835). In other words, its decision applies only to the question of whether a judge or a jury determines the statute-specific "occasions" inquiry that ACCA requires for an enhanced sentence.
Importantly, Erlinger expressly declined to overturn Almendarez-Torres v United States, 523 US 224 [1998], in which the Court held that a statute authorizing an enhanced sentence for a recidivist based on a prior conviction does not violate the Constitution, because the fact of a prior conviction is not an element of a crime that must be proved to a jury beyond a reasonable doubt (Erlinger, 602 US at 838).
Further, Erlinger reaffirmed the Court's prior decisions regarding sentencing enhancement statutes as established by Apprendi v New Jersey, 530 US 466 [2000], where it held that the Due Process Clause of the Fourteenth Amendment, together with the Sixth Amendment right to a jury trial, requires that any fact — other than the fact of a prior conviction — that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt (Apprendi, 530 US at 476-477; see also Alleyne v United States, 570 US 99 [2013]).
This court is bound by those decisions and those of the New York Court of Appeals and Appellate Division, Second Department, which have repeatedly rejected challenges to New York's second and persistent violent felony offender statutes based on Apprendi (People v Porto, 16 NY3d 93 [2010]; People v Bell, 15 NY3d 935 [2010]; People v Leon, 10 NY3d 122 [2008]; People v Rivera, 5 NY3d 61 [2005]; People v Rosen, 96 NY2d 329 [2001]; People v Highsmith, 21 AD3d 1037 [2d Dept 2005]; People v Simmons, 298 AD2d 468 [2d Dept 2002]).
New York's persistent violent felony offender statute requires the finding only of the "fact" of two or more predicate "convictions," as it applies only to defendants who "have been subjected to two or more predicate violent felony convictions" (CPL § 400.16[1]) (emphasis added); see also People v Moye, — AD3d —, 2025 NY Slip Op 05967 [2d Dept 2025] [classification of a prior felony as a violent felony is a legal, not factual, determination under PL § 70.02[1]). 
As the dissent in Erlinger stresses, "Erlinger does not dispute that Almendarez-Torres allows a judge to determine whether Erlinger had three prior convictions for violent felonies. The [*4]narrow question here is whether Almendarez-Torres also allows a judge to determine whether Erlinger's three prior offenses were committed on different occasions" (Erlinger, 602 US at 855 [Kavanaugh, J., dissenting] (emphasis added)).
The significance of Erlinger's distinction between convictions and offenses is that an analysis of offenses as opposed to convictions requires the type of factfinding that a jury must undertake. Under ACCA, for offenses to be committed on different "occasions," the inquiry examines whether "the times, locations, purpose, and character of [the] crimes" demonstrate three different "occasions" or a single criminal episode (id. at 835).
Instead, to determine whether an individual has been subject to two or more predicate convictions, no such fact-based inquiry is necessary. The defendant's criminal history speaks for itself. Indeed, when asked if the predicate statement were true, defendant effectively admitted that he had previously been convicted of the prior violent felonies. Accordingly, CPL § 400.16 is unaffected by Erlinger, which, as previously observed, the Court itself indicated is limited only to the ACCA "occasions" inquiry and decides "no more than that" (id. at 835).
In any event, Supreme Court opinions regarding procedural rules of law are not generally retroactive (Schriro v Summerlin, 542 US 348, 351-352 [2004]; People v Taylor, 86 Misc 3d 263, 270 [Sup Ct, Nassau County 2024]; see also United States v Cotton, 535 US 625 [2002] (Apprendi not retroactive)). As no new rules of law were generated in Erlinger, it is purely procedural and does not apply retroactively to cases with final convictions (Taylor, 86 Misc 3d at 270, 272). Because defendant's conviction became final on February 13, 2022, and Erlinger was decided on June 21, 2024, Erlinger does not apply to him.[FN2]

Considering the evidence supporting defendant's prior convictions, even if Erlinger did require a jury's factfinding, any purported judicial factfinding in this case would have been innocuous (United States v Saunders, 2024 WL 4533359, * 3 [2d Cir Oct 21, 2024]; Erlinger, 602 US at 850). As no rational jury would call into question the factual existence of defendant's predicate violent felony convictions, the purported judicial factfinding at worst had no effect on defendant's sentence (id.). Notably, defendant did not, at sentence, contest the predicate statement and tolling calculation, nor does he now. What contested facts, then, are there to find?
For these reasons, defendant's claim that Erlinger renders his sentence unconstitutional is without merit and his motion for resentencing pursuant to CPL § 440.20 is denied.
The foregoing constitutes the decision and order of the court.
Dated: October 30, 2025
Brooklyn, New York
JOHN T. HECHT, A.J.S.C.

Footnotes

Footnote 1:In affirming defendant's conviction, the Appellate Division, Second Department, rejected his argument that his sentence was excessive (People v Veeney, 197 AD3d 578 [2d Dept 2021] lv denied 37 NY3d 1099 [2021]). The Appellate Division reversed defendant's conviction of attempted first-degree assault and remitted for a new trial on that count (id. at 579). The People's motion to dismiss the remitted charge was granted on January 27, 2022 (Cyrulnik, J.). Defendant's sentence was thus effectively reduced to 25 years to life incarceration.

Footnote 2:After 90 days, on February 13, 2022, defendant's conviction became final for purposes of federal appeal (see Polanco v Herbert, 7 NY3d 588, 593 [2006]).