OPINION OF THE COURT
 

 Smith, J.
 

 While riding on the subway one morning, two passengers observed defendant put his hand beneath the skirt of a four-year-old girl and fondle her. After the passengers notified the child’s mother, defendant attempted to escape but was caught and arrested. Defendant pleaded guilty to first degree sexual abuse, the maximum sentence for which is seven years. The plea court informed him that it would impose a sentence of three to six years. The court ordered a psychiatric evaluation to accompany defendant’s pre-sentence report.
 

 Based on evidence contained in the psychological evaluation and the pre-sentence report, the prosecutor sought a hearing to have defendant sentenced as a persistent felony offender, which would authorize an increase in defendant’s sentence beyond the maximum seven years. The court gave defendant an opportunity to recant his plea and explained that if defendant chose to retain the plea and were adjudicated a persistent
 
 *333
 
 felon, the court would consider the prosecutor’s application and enhance the sentence. Defense counsel insisted on specific performance of the plea agreement, after which the court,
 
 sua sponte,
 
 vacated the plea and sent the matter to trial.
 

 At a pre-trial hearing, the trial court instructed the prosecutor that the arresting officer was precluded from testifying about defendant’s prior sex-related convictions, prior sex crime record or any statements made by defendant that related to his RAP sheet. At trial, however, the officer made specific reference to the precluded testimony. Defense counsel objected and moved for a mistrial, arguing that the officer’s testimony was unduly prejudicial. The court denied defendant’s motion and gave a curative instruction to the jury, striking out the prejudicial statement.
 

 Defendant was ultimately convicted of first degree sexual abuse and endangering the welfare of a child. The court held a hearing pursuant to CPL 400.20 to determine whether to adjudicate defendant a persistent felony offender. As set forth in CPL 400.20 (5), the court first concluded that defendant was a persistent felony offender based on two prior felony convictions — a 1983 sodomy conviction for abusing his 18-month-old son and a 1990 conviction for fourth degree criminal possession of stolen property. After oral arguments by counsel, the court adjudicated defendant a persistent felony offender and sentenced him to 25 years to life on the first degree sexual abuse count and one year on the endangering the welfare of a child count. The Appellate Division unanimously affirmed, concluding, among other things, that the trial court was warranted in vacating defendant’s plea and sending the case to trial because defendant refused to choose between accepting an enhanced sentence and withdrawing his plea. A Judge of this Court granted the defendant leave to appeal.
 

 Defendant claims, for the first time on this appeal, that the discretionary persistent felony offender sentence enhancement provisions, set forth in Penal Law § 70.10 and CPL 400.20 (5), violated his right to trial by jury under
 
 Apprendi v New Jersey
 
 (530 US 466) and, thus, constituted an error affecting “the organization of the court or the mode of proceedings prescribed by law” reviewable on appeal even absent a timely objection before the sentencing court
 
 (People v Patterson,
 
 39 NY2d 288, 294-296;
 
 see, People v Hernandez,
 
 94 NY2d 552;
 
 People v Monroe,
 
 90 NY2d 982). Defendant further maintains that application of the discretionary persistent felony offender statutes also violated his State right to a charge-specific indictment,
 
 *334
 
 rendering the indictment jurisdictionally defective and thus reviewable notwithstanding a failure to preserve any alleged error. We disagree with both contentions.
 

 The Due Process Clause of the United States Constitution “protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged”
 
 (In re Winship,
 
 397 US 358, 364). The issue in
 
 Apprendi,
 
 as framed by the United States Supreme Court, was “whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt”
 
 (Apprendi,
 
 530 US, at 469). The Court held:
 

 “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in
 
 [Jones v United States,
 
 526 US 227, 252-253]: ‘[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt’ ”
 
 (Apprendi,
 
 530 US, at 490).
 

 The Court held that the New Jersey hate crime statute — which required mandatory sentencing enhancement if a Trial Judge determined by a preponderance of the evidence that a defendant committed a crime with the intent to intimidate based on race, religion, color, gender, ethnicity, sexual orientation or handicap — violated the defendant’s Fourteenth Amendment due process rights
 
 (Apprendi,
 
 530 US, at 468-469, 476-477). The Court explained that the New Jersey sentencing enhancement procedure was an “unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system,” and that facts regarding bias must be proved to a jury beyond a reasonable doubt
 
 (id.,
 
 at 497). In this case, however, it was defendant’s prior felony convictions — an explicitly noted exception to the general rule in
 
 Apprendi
 
 — that initially subjected defendant to enhanced sentencing.
 

 Under New York law, to be sentenced as a persistent felony offender, the court must first conclude that defendant
 
 *335
 
 had previously been convicted of two or more felonies for which a sentence of over one year was imposed. Only after it has been established that defendant is a twice prior convicted felon may the sentencing court, based on the preponderance of the evidence, review “[m]atters pertaining to the defendant’s history and character and the nature and circumstances of his criminal conduct * * * established by any relevant evidence, not legally privileged” to determine whether actually to issue an enhanced sentence (CPL 400.20 [5]). It is clear from the foregoing statutory framework that the prior felony convictions are the sole determinate of whether a defendant is subject to enhanced sentencing as a persistent felony offender. Then, the court must consider other enumerated factors to determine whether it “is of the opinion that a persistent felony offender sentence is warranted” (CPL 400.20 [9]). As to the latter, the sentencing court is thus only fulfilling its traditional role— giving due consideration to agreed-upon factors — in determining an appropriate sentence within the permissible statutory range (see,
 
 People v Farrar,
 
 52 NY2d 302, 305-306). Defendant had no constitutional right to a jury trial to establish the facts of his prior felony convictions
 
 (see, Apprendi, supra,
 
 530 US, at 488). Based on the foregoing, it is clear that there was no mode of proceedings error in this matter and, thus, any alleged error required preservation.
 

 Similarly, defendant’s argument that his State and Federal constitutional rights were violated because the indictment did not contain a discretionary persistent felony offender charge is not a mode of proceedings error and would require preservation in order to be reviewable. The Supreme Court has clearly established that facts regarding “recidivism increasing the maximum penalty need not be so charged”
 
 (Jones v United States,
 
 526 US 227, 248;
 
 see also, Oyler v Boles,
 
 368 US 448, 453 [a defendant receives adequate notice that he will be subject to enhanced sentencing based on his history of recidivism “after the conviction on the substantive offense but before the sentencing”]).
 

 We reject defendant’s contention that the court erred in refusing to declare a mistrial. That refusal did not constitute an abuse of discretion. Defendant’s contention that the trial court lacked statutory authority to vacate his plea was not preserved and because such an error would not constitute a mode of proceedings error, defendant’s failure to preserve precludes appellate review. Because the vacatur of the plea must thus be upheld, defendant’s remaining contention is rendered meritless.
 

 
 *336
 
 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed.