(May 24, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BROWN, Appellant. [728 NYS2d 2] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered January 12, 1999, convicting defendant, after a jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, affirmed.

The verdict was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490). Issues of credibility and identification were properly presented to the jury and we find no reason to disturb its determination.

Defendant's application pursuant to Batson v Kentucky (476 US 79) was properly denied. The record supports the court's finding that the prosecutor provided race-neutral, nonpretextual reasons for the peremptory challenge in question and such findings are entitled to great deference on appeal (see, People v Hernandez, 75 NY2d 350, affd 500 US 352). The prosecutor's stated desire to avoid jurors without work experience was applied consistently without regard to race, and the prosecutor

was not required to show that the peremptory challenge was specifically related to the facts of the case (*People v Wint*, 237 AD2d 195, *lv denied* 89 NY2d 1103).

The court's *Sandoval* ruling, permitting inquiry into whether defendant had three prior felony and four misdemeanor convictions and whether he used aliases and different birth dates in the past, while precluding identification of the crimes or inquiry into the underlying facts, was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455).

Defendant was properly adjudicated as a persistent felony offender (*People v Rosen*, 96 NY2d 329), and we perceive no basis for reduction of sentence. Defendant, who exhibited a disturbing history of criminal recidivism over a 14-year period, was given the minimum permissible sentence. Moreover, we decline the dissent's invitation to minimize the seriousness of the incident at issue, given the rash of violent crimes against other livery cab drivers in recent years in New York City, and defendant's repeated threat to "blow [the victim's] [expletive deleted] head off" in order to retain the stolen property and make good his escape. Concur—Sullivan, P. J., Williams, Mazzarelli and Friedman, JJ.

Rosenberger, J., dissents in part in a Memorandum as follows: I respectfully dissent, only insofar as the sentence imposed is in issue.

The evidence showed that defendant, without threat or display of a weapon, reached through the open window of a taxicab into the driver's shirt pocket and took approximately $40. Defendant then walked, not ran, away and, looking back over his shoulder, told the driver that he would blow his head off if he got out of the cab. He did not display a weapon or anything which appeared to be a weapon.

There is no doubt that defendant has a serious and extended criminal history. That is certainly one of the major considerations in determining the sentence to be imposed. Defendant was not a mandatory persistent felony offender. He was a discretionary persistent felony offender. Calling him "an urban terrorist," the court found him to be a persistent felony offender and sentenced him to 15 years to life.

As well as the criminal history of the defendant, the circumstances of the crime of which he stands convicted also constitute a major consideration in determining the sentence to be imposed. In this case, where the crime consisted of reaching through a car window and snatching $40 from the pocket of the victim, without threat or the display of anything appearing to be a weapon, followed by a threat while walking away, the sentence of 15 years to life is excessive.

To equate, for sentencing purposes, what can be described as an aggravated pickpocketing with murder constitutes an improvident exercise of discretion.