■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN BURNSIDE, Appellant. [726 NYS2d 255] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered September 25, 1998, convicting defendant, after a jury trial, of attempted murder in the first degree, robbery in

the first degree (15 counts), attempted robbery in the first degree, assault in the second degree, and reckless endangerment in the first degree (2 counts), and sentencing him, as a persistent violent felony offender, to consecutive terms of 25 years to life (16 terms), 16 years to life, 12 years to life and 3½ to 7 years (2 terms), unanimously modified, on the law, to the extent of directing that the sentence on the conviction of reckless endangerment in the first degree under count 20 of the indictment be served concurrently with the other sentences, and otherwise affirmed.

The verdict on the attempted first-degree murder count was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). Defendant's prior theft-related convictions were highly relevant to credibility. To avoid undue prejudice, the court disallowed any inquiry at all into certain prior larceny and robbery convictions and prohibited elicitation of the underlying facts concerning others.

Defendant's challenge to the procedure under which he was sentenced as a persistent violent felony offender is both unpreserved and without merit (*see, People v Rosen*, 96 NY2d 329). As the People concede, defendant's reckless endangerment conviction under count 20 involved the same act as the attempted murder so that concurrent sentences are required, and we modify accordingly. We perceive no other basis for reduction of sentence.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.