■ The People of the State of New York, Respondent, v Brian T. Grant, Appellant. (Appeal No. 1.) [733 NYS2d 664] —Judgment unanimously affirmed. Memorandum: Defendant

failed to preserve for our review his contention that County Court violated his constitutional rights to due process and notice of the charges against him by sentencing him as a second felony offender (*see,* CPL 470.05 [2]; *People v Lee,* 109 AD2d 894; *see also, People v Rosen,* 96 NY2d 329, 335). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the further contention of defendant that he was denied effective assistance of counsel when he was induced to plead guilty as the result of counsel's failure to pursue the motion to suppress physical evidence. "The record establishes that defendant received effective assistance of counsel in connection with his guilty plea (*see, People v Ford,* 86 NY2d 397, 404) and fails to support defendant's claim that a suppression motion would have been viable" (*People v Ashby,* 264 AD2d 662). The court imposed the minimum sentence authorized for a class E felony offense (*see,* Penal Law § 70.06 [3] [e]; [4] [b]). Thus, there is no basis for the exercise of our authority to reduce the sentence as a matter of discretion in the interest of justice (*see, People v Foote,* 280 AD2d 991). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Attempted Criminal Possession Controlled Substance, 5th Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.