■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON LONG, Appellant. [737 NYS2d 65] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered August 20, 1998, convicting defendant, after a jury trial, of robbery in the first degree and one count of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to two consecutive terms of 20 years to life, to run

concurrently with three terms of 20 years to life and a term of 16 years to life, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). Although we agree with defendant that his arrest at gunpoint on the threshold of his apartment violated the precepts of *Payton v New York* (445 US 573), we nevertheless find that the lineup identifications made the next morning at the station house were sufficiently attenuated from, and were not tainted by the warrantless arrest (*compare, People v Harris*, 77 NY2d 434, 441). Furthermore, the court properly found that defendant's girlfriend, who possessed a key to the apartment and used it to open the door, voluntarily consented to a subsequent search of the apartment (*see, People v Gonzalez*, 39 NY2d 122), which consent was limited to a portion of the apartment. The totality of circumstances, including the girlfriend's expressed desire that the police locate and remove any weapons that defendant may have secreted in the house, clearly established the voluntariness of her consent and, by not searching the second bedroom used by an absent individual, the police adhered to the limited scope of her consent.

The court properly denied defendant's mistrial motion made when it was revealed at trial that, although no mention of this had been made at the *Wade* hearing, the lineup participants had been asked to speak certain words to two of the identifying witnesses. We note that the only remedy requested by the defense was a mistrial. In our view, the People met their burden of coming forward to show that the identification procedure was not unduly suggestive (*see, People v McRae*, 195 AD2d 180, 184-188, *lv denied* 83 NY2d 969).

The court properly admitted evidence that defendant possessed two vials of heroin at the time of his arrest since this evidence was relevant to a trial issue and was not unduly prejudicial, particularly in light of the court's thorough and repeated limiting instructions.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is not preserved for appellate review and, in any event, is without merit (*People v Rosen*, 96 NY2d 329, *cert denied* 534 US —, 122 S Ct 224). Concur—Andrias, J.P., Saxe, Wallach, Lerner and Friedman, JJ.