■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BURGOS, Also Known as MIKE VELEZ, Appellant. [751 NYS2d 369] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered September 15, 1998, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life and 13 years to life, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see *People v Prochilo*, 41 NY2d 759, 761). The police had reasonable suspicion to pursue defendant based on a radio report of a man, possibly armed, beating a woman in front of a specific address, coupled with their observations of an argument between defendant and a woman, who were the only persons present at that location, followed by defendant's immediate flight upon the approach of the police and the woman's act of pointing at defendant (see *People v Martinez*, 80 NY2d 444; *People v Leung*, 68 NY2d 734). Under the circumstances, the pointing could reasonably be viewed as a nonverbal accusation (see *People v Dickerson*, 238 AD2d 147, *lv denied* 90 NY2d 857), and since defendant

was already fleeing, the police were in no position to stop and ask the woman why she was pointing.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329, *cert denied* 534 US 899).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.