■ The People of the State of New York, Respondent, v Edward Stevens, Appellant. [778 NYS2d 16]—

Judgment, Supreme Court, New York County (Dora L. Irizarry, J.), rendered March 29, 2000, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The court properly granted the People's *Batson* application (*Batson v Kentucky,* 476 US 79 [1986]; *People v Kern,* 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding that defense counsel's purportedly employment-based race-neutral reason for exercising a peremptory challenge was transparently pretextual, and this finding is entitled to great deference (*see People v Hernandez,* 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defense counsel's concession that she found another panelist with the same occupation but different ethnicity to be acceptable cast doubt on the credibility of her explanation. Furthermore, defense counsel's alternate explanation concerning the challenged panelist's future husband's occupation was specious.

The prosecutor was under no obligation to enter into a stipulation to cure his witness's allegedly false testimony, since "there was no objectively 'false' testimony for the People to 'correct' " (*People v Smith,* 248 AD2d 148 [1998]). On redirect examination, the prosecutor sufficiently clarified whether the victim had been interviewed prior to trial, and the witness's prior contradictory responses during cross-examination apparently resulted from his difficulty in understanding and speaking English. Moreover, defendant did not conduct any recross-examination, and he declined the opportunity to call an available witness, other than the trial prosecutor, who was present during the victim's trial preparation interview.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). In *Rosen,* the Court of Appeals made an authoritative interpretation of the state statutory scheme regarding persistent felony offenders, in which it construed the statutes in question so as to uphold their constitutionality (*see e.g. People v Bailey,* 21 NY2d 588, 596 [1968]; *see also Ring v Arizona,* 536

US 584, 603 [2002]). Accordingly, defendant's sentence did not violate *Apprendi v New Jersey* (530 US 466 [2000]). We further find that the court properly exercised its discretion in sentencing defendant as a persistent felony offender.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.