People v Singh (2004 NY Slip Op 50567(U))

[*1]

People v Singh

2004 NY Slip Op 50567(U)

Decided on June 18, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 18, 2004

Supreme Court, Kings County
The People of the State of New York
against
JERMAINE SINGH
2475/99

Joel M. Goldberg, J.
The defendant, by his attorney, filed a motion pursuant to CPL 440.20, dated February 13, 2004, in which he seeks to set aside his sentence as illegally imposed. Specifically, the defendant claims that his sentence as a persistent felony offender pursuant to PL 70.10 is illegal, because the statute is unconstitutional based on the doctrine of Apprendi v. New Jersey, 530 US 466 (2000), which requires a jury finding beyond a reasonable doubt of the particular statutory facts allowing an enhanced sentence.
The People filed a response, dated May 13, 2004, opposing the defendant's motion.
DEFENDANT'S SENTENCE
On August 10, 2000, the defendant was convicted, after a jury trial before this Court, of two class D felony counts of Criminal Possession of Stolen Property in the Third Degree (PL 165.50) and one class A misdemeanor count of Unauthorized Use of a Vehicle in the Third Degree (PL 165.05 [1]) based on his possession of two stolen luxury automobiles.
A sentencing hearing pursuant to CPL 400.20 was conducted on November 13, 2000. At the hearing, evidence was presented that the defendant had: (1) been convicted of three prior felony convictions also involving theft of automobiles and had been incarcerated on them as required by PL 70.10; (2) a pending case in which he was accused of assaulting a corrections officer; (3) numerous parole violations; and (4) been an absconder from a work release program at the time of the present offenses. The defendant claimed that his prior convictions were based upon coerced guilty pleas and that an enhanced sentence based on those convictions would constitute cruel and unusual punishment.
In considering the sentence it would impose upon the defendant, the Court: (1) stated it had disregarded the defendant's parole violations and alleged assault upon a corrections officer; (2) denied as unfounded the defendant's claims that his prior convictions were based upon coerced guilty pleas; and (3) rejected the defendant's contention that an enhanced sentence would constitute cruel and unusual punishment. The Court adjudicated the defendant a persistent felony offender and sentenced him to concurrent terms of incarceration of fifteen years to life on both felony counts and one year on the misdemeanor count. 
[*2]
CONCLUSIONS OF LAW
Apprendi involved a New Jersey statute (N.J. Stat. Ann. 2C: 44-3 [e]) that required, upon application of the prosecuting attorney, an enhanced sentence above the maximum authorized sentence if the sentencing judge determined by a preponderance of the evidence that the defendant committed the underlying crime with the intent to intimidate based on the victim's race, color, gender, handicap, religion, sexual orientation or ethnicity. The Supreme Court held that this determination of fact was the equivalent of an element of the underlying crime that had to be found beyond a reasonable doubt by a jury and not the sentencing judge by a preponderance of the evidence.
The defendant's motion also relies on similar reasoning found in Ring v. Arizona, 536 US 584 (2002). In Ring, the United States Supreme Court applied Apprendi to Arizona's statutory requirement that after a verdict of guilty in a death penalty case, it was the sentencing judge, rather than a jury, who would conduct a fact-finding hearing to determine whether any enumerated aggravating factors existed to warrant a sentence of death.
Regardless of whatever merit the defendant's arguments may have, at this juncture the defendant's motion must be denied based on the decision of the Court of Appeals in People v. Rosen, 96 NY2d 329 (2001), cert denied, 534 US 899 (2001). In Rosen, the Court found that the procedures in PL 70.10 to determine whether a defendant should be sentenced as a persistent felony offender are constitutional, notwithstanding the argument that Apprendi requires that facts used to enhance a sentence above the statutory maximum be treated as elements of the underlying crime. Rosen at 334-335.
 Although the defendant cites two federal district court cases declining to follow the Court of Appeals holding in Rosen (Brown v. Greiner, 258 FSupp2d 68, 91-92 [EDNY 2003] [Gleason, J.] and Rosen v. Walsh, No. 02 Civ. 7782 [SDNY 2003] [Hellerstein, J.] [consisting of an unpublished on-the-record grant of federal writ of habeas corpus, rendered in court on July 17, 2003]), the decisions of the lower and intermediate federal courts are not binding upon the state courts. See e.g. In re Mason, 100 NY2d 56, 58 (2003); People v. Joyner, 303 AD2d 421 (2d Dept 2003).
I am aware that several of my colleagues have also written on this issue. See People v. Rawlins, 2 Misc3d 1002 (Sup Ct, New York County 2004) and cases cited therein. Ultimately, this issue will be resolved by appellate courts. To possibly assist in that determination, at least insofar as this case is concerned, I humbly add my views.
In this case, the Court imposed an enhanced sentence after it first found beyond a reasonable doubt the "fact" that the defendant had certain prior felony convictions qualifying him to be sentenced as a persistent felony offender. This finding did not require a jury trial, because the existence of these convictions are matters of record and are not constitutionally required to be proven to a jury. Apprendi at 488-490; Rosen at 335.
The decision thereafter made to impose an enhanced sentence was based on the court's "opinion", in accordance with PL 70.10 (2), "that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest."
This was necessarily a subjective determination made in the same manner that sentencing decisions are made by courts throughout New York State and the United States where discretion [*3]in sentencing within a range of potential sentences is permitted. The decision was not required to be based on any particular factual finding, because, as stated in PL 70.10 (2), the sentence was based on an "opinion" as to what would "best serve the public interest" rather than on any particular "fact" that could be decided by a jury.
If, as the defendant argues, Apprendi requires that the standards of PL 70.10 (2) be treated as an element of the underlying crime to be proven beyond a reasonable doubt to a jury, the result would be an unconstitutionally vague statute, because prospective wrongdoers would not be given reasonable notice of the elements constituting the crime. See e.g. People v. Stuart, 100 NY2d 412, 418-421 (2003). Afterall, it is difficult to imagine a hypothetical "reasonable defendant" who would agree immediately prior to committing his third felony that "the public interest" would be best served by imposition of a life sentence should his conduct result in a conviction.
 If sentencing discretion based on an "opinion" is required to be exercised by a jury upon proof beyond a reasonable doubt, PL 70.10 would have to be re-written to employ an aggravating/mitigating factors standard as is now constitutionally required to be employed only in capital cases. However, this type of sentencing procedure is not currently constitutionally mandated for noncapital sentences, even where a sentencing judge is deciding whether to impose a sentence of life without parole. People v. Hansen, 99 NY2d 339 (2003).
Because this is not a capital case, it appears to this Court that the rationale of Ring, requiring a jury rather than a judge to determine the existence of sentencing enhancing factors, is irrelevant. In noncapital cases, a defendant is entitled at the sentencing stage to a procedure that ensures that the court is relying on reliable and accurate information and to an opportunity to respond to the facts upon which the Court may base its decision. Hansen at 345. Because PL 70.10 afforded the defendant these rights and his life sentence was not enhanced based on any particular finding of fact other than the existence of his prior qualifying felony convictions, his sentence was lawfully imposed. 
Accordingly, the defendant's motion is hereby denied.
 SO ORDERED
JOEL M. GOLDBERG
Judge