**Miguel MIRANDA, Petitioner,**

v.

**Floyd BENNET, Superintendent, Elmira Haven Correctional Facility, Respondent.**

**No. CV–99–0437(DGT).**

United States District Court, E.D. New York.

Jan. 19, 2005.

Miguel Miranda, Comstock, NY, Pro se.

Valerie Singleton, Attorney General's Office, State of New York City, for Respondent.

*Memorandum and Order*

TRAGER, District Judge.

On January 20, 1999, *pro se* petitioner Miguel Miranda ("Miranda" or "petitioner") filed a petition pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The petition was dismissed by this court on July 27, 1999 for the reasons set out in the decision of the Appellate Division and the State's Memorandum of Law dated March 8, 1999, submitted in opposition to the petition.[1] This court refused to issue a certificate of appealability. Petitioner applied to the Second Circuit for a certificate of appealability to permit review of this court's judgment. On February 26, 2003, the Second Circuit remanded to this court for a clarification of the ground or grounds on which the petitioner's claims of prosecu-

torial misconduct and denial of self-representation were rejected; as to all other claims raised by petitioner, the Second Circuit denied a certificate of appealability. *See Miranda v. Bennett*, 322 F.3d 171 (2d Cir.2003). On June 25, 2004, this court issued a memorandum and opinion clarifying the grounds for its previous denial of the petition and denying the motion for a writ of habeas corpus.

On August 2, 2004, petitioner moved for reconsideration of this court's decision pursuant to Rule 60(b), Fed R. Civ. P. In that motion, petitioner argues, again, that he received ineffective assistance of counsel and that he was subjected to an unduly harsh sentence. However, the United States Court of Appeals for the Second Circuit already considered these arguments and denied a certificate of appealability with respect to both of them. And petitioner, for his part, offers no reason why that decision should be disturbed.

Petitioner also argues that his sentence is invalid under the U.S. Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because he received an enhancement beyond the maximum sentence "based on facts (other than the fact of his prior convictions) that were neither presented to the jury not proved beyond a reasonable doubt." Petitioner's Motion for Reconsideration at 7. However, Miranda's sentence became final more than two years prior to the Supreme Court's *Apprendi* decision—and the Second Circuit has squarely held that the Supreme Court's *Apprendi* ruling does not have retroactive effect. *Poindexter v. Nash*, 333 F.3d 372, 379 (2d Cir.2003); *Forbes v. United States*, 262 F.3d 143, 146 (2d Cir.2001) (per curiam).[2]

1. A more detailed review of the state court proceedings and the history of the present petition are laid out in *Miranda v. Bennett*, 322 F.3d 171, 173–75 (2d Cir.2003).

2. The New York Court of Appeals has rejected the claim that the persistent felony offender statute violates the *Apprendi* rule, noting that "it is clear from the ... statutory framework

For these reasons, the motion for reconsideration of this court's decision dismissing the petition for a writ of habeas corpus is denied. The Clerk of the Court is directed to close the case.

SO ORDERED.

that the prior felony convictions are the sole determinate of whether a defendant is subject to enhanced sentencing as a persistent felony offender." *People v. Rosen*, 96 N.Y.2d 329, 335, 728 N.Y.S.2d 407, 410, 752 N.E.2d 844, *cert. denied*, 534 U.S. 899, 122 S.Ct. 224, 151 L.Ed.2d 160 (2001). My colleague Judge Gleeson has reached a contrary view. *See Brown v. Greiner*, 258 F.Supp.2d 68, 82–93 (E.D.N.Y.2003). I need not reach this issue, however, because, unlike the circumstances in *Brown*, the sentencing in this case became final before the *Apprendi* decision.