OPINION OF THE COURT
Ronald A. Zweibel, J.
Defendant was convicted after a trial by jury of burglary in the first degree (Penal Law § 140.30 [2]), a class B felony offense, and various misdemeanors. The People allege that defendant has two prior nonviolent felony convictions for which he has served respective sentences in excess of one year.
Defendant challenges New York’s discretionary persistent felony offender sentencing scheme, citing Apprendi v New Jersey (530 US 466 [2000]), Cunningham v California (549 US 270 [2007]), Ring v Arizona (536 US 584 [2002]), Blakely v Washington (542 US 296 [2004]), and United States v Booker (543 US 220, 232 [2005]) and their progeny, arguing that this sentencing scheme violates Apprendi and defendant’s due process and Sixth Amendment rights. The court upholds the constitutionality of New York’s discretionary persistent felony offender sentencing scheme in light of the Court of Appeals’ most recent pronouncement on this subject in People v Quinones (12 NY3d 116 [2009], petition for cert filed 77 USLW 3670 [No. 08-1456, May 26, 2009]), and further holds that defendant’s constitutional rights are not violated by being considered for a persistent felony offender sentence.
In Apprendi v New Jersey (530 US 466 [2000]), the Supreme Court held that, “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt” (Apprendi, 530 US at 490). In so holding, the Apprendi Court’s goal was to prevent legislative attempts to “remove from the [province of the] jury” factual determinations that impact the maximum punishment available for a statutory offense (see id.). Apprendi and its progeny are rooted in the United States Constitution’s Sixth Amendment, which provides every person accused of a crime the right to “trial[ ] by an impartial jury,” and emanated from the Supreme Court’s prior decisions in Almendarez-Torres v United States (523 US 224, 226-227 [1998] [judicial fact-finding of a defendant’s prior conviction and consideration of same at sentencing *608 is not a violation of the Sixth Amendment]) and Jones v United States (526 US 227, 239-252 [1999] [Court recognized that judicial fact-finding, outside the finding of a defendant’s prior convictions, operating to increase a defendant’s maximum punishment would diminish the role of the jury, thus creating a genuine issue under the Sixth Amendment]). In Ring v Arizona (536 US at 602), the United States Supreme Court clarified the Apprendi rule by stating, “If a State makes an increase in a defendant’s authorized punishment contingent on the finding of a fact, that fact — no matter how the State labels it — must be found by a jury beyond a reasonable doubt” (see also Blakely v Washington, 542 US at 303, 304; United States v Booker, 543 US at 232). At issue in Apprendi was a New Jersey statutory scheme that allowed a judge to increase a defendant’s punishment beyond the maximum sentence range authorized for the crime of possession of a firearm for an unlawful purpose based on the judge’s finding by a preponderance of the evidence that defendant also committed the crime with the intent to intimidate based on race, religion, color, gender, ethnicity, sexual orientation or handicap. The Supreme Court held that because this sentencing scheme (1) removed what amounts to an element of a greater offense that would ordinarily be submitted to the jury (and proved beyond a reasonable doubt), and (2) allowed a judge to decide the fact using a lesser standard of proof and, thereby, increase the sentence beyond the permissible maximum sentence range, it violated the Sixth Amendment right to a trial by jury.
As the New York Court of Appeals noted in People v Quinones (12 NY3d at 123), the common denominator of the sentencing schemes invalidated or partially struck down in the wake of Apprendi is that they provided for an increase to defendant’s punishment — beyond the range authorized by the jury’s finding of guilt or defendant’s admission — based on additional facts found by a judge using a preponderance-of-the-evidence standard.
Defendant argues that New York’s discretionary persistent felony offender sentencing scheme suffers from these same constitutional infirmities. Defendant’s view of New York’s sentencing scheme is incorrect.
The discretionary persistent felony offender sentencing scheme is comprised of two statutes: Penal Law § 70.10 and Criminal Procedure Law § 400.20. Under Penal Law § 70.10 (1) (a), “[a] persistent felony offender is a person, other than a per *609 sistent violent felony offender as defined in [Penal Law §] 70.08, who stands convicted of a felony after having previously been convicted of two or more felonies.” Penal Law § 70.10 (2) further provides:
“When the court has found, pursuant to [Criminal Procedure Law § 400.20], that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized [under Penal Law article 70] for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A-I felony. In such event the reasons for the court’s opinion shall be set forth in the record.”
Criminal Procedure Law § 400.20 sets forth the procedure for determining whether a defendant should be sentenced as a persistent felony offender. Under Criminal Procedure Law § 400.20 (1):
“[s]uch sentence may not be imposed unless, based upon evidence in the record of a hearing held pursuant to this section, the court (a) has found that the defendant is a persistent felony offender . . . , and (b) is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that [such sentence is] warranted to best serve the public interest.”
At the hearing provided for under this sentencing scheme, the burden is on the People to prove beyond a reasonable doubt that defendant is a persistent felony offender (CPL 400.20 [5]). Once defendant has been proved to be a persistent felony offender,
“[m]atters pertaining to the defendant’s history and character and the nature and circumstances of his criminal conduct may be established by any relevant evidence, not legally privileged, regardless of admissibility under the exclusionary rules of evidence, and the standard of proof with respect to such matters shall be a preponderance of the evidence” (id.).
After the hearing, if the court “is of the opinion that a persistent felony offender sentence is warranted, it may sentence the *610 defendant in accordance with [Penal Law § 70.10 (2)]” (CPL 400.20 [9]). In sum, under New York’s discretionary persistent felony offender sentencing scheme, once the People prove beyond a reasonable doubt that a defendant is a persistent felony offender (i.e., a twice-prior convicted felon), defendant is eligible to be sentenced as a discretionary persistent felony offender and the court may consider defendant’s “history and character” to determine whether a discretionary persistent felony offender sentence is warranted.
The Court of Appeals has on two prior occasions conducted an extensive analysis regarding whether New York’s discretionary persistent felony offender sentencing scheme violates Apprendi (see People v Rosen, 96 NY2d 329 [2001], cert denied 534 US 899 [2001]; People v Rivera, 5 NY3d 61 [2005], cert denied 546 US 984 [2005]). In Rosen, the Court of Appeals held that upon proving that a defendant is a twice-prior convicted felon, the sentencing court may review defendant’s history and character as well as the nature and circumstances of defendant’s criminal conduct to determine whether to impose a recidivist (enhanced) sentence (CPL 400.20 [5]) and that, under the discretionary persistent felony offender statutes, prior felony convictions are the sole determinant of whether a defendant is eligible for recidivist sentencing as a persistent felony offender (see Rosen, 96 NY2d at 335). Rivera, which was decided after Blakely and Booker, upheld Rosen (in reasoning and result), both the discretionary persistent felony offender statutes and the recidivist sentence imposed (see Rivera, 5 NY3d at 63). In Rivera,
“the relevant question under the United States Constitution is not whether those facts were essential to the trial court’s opinion (CPL 400.20 [1] [b]), but whether there are any facts other than the predicate convictions that must be found to make recidivist sentencing possible (see Blakely, 542 US at 303-304).” (Id. at 67-68.)
The Court of Appeals answered “no.” As the Court explained in Rosen, the predicate felonies are both necessary and sufficient conditions for imposition of the authorized sentence for recidivism; that is why the Court of Appeals pointedly called the predicate felonies the “sole” determinant (see People v Rosen, 96 NY2d at 335). Thus, Criminal Procedure Law § 400.20, by authorizing a hearing on facts relating to the defendant’s history and character, does not grant defendants a legal entitlement to have those facts receive controlling weight in influenc *611 ing the court’s opinion (see People v Quinones, 12 NY3d at 128). As the Court of Appeals explained in People v Quinones (12 NY3d at 128), “[t]he statutory language requiring the sentencing court to consider the specified factors and to articulate the reason for the chosen sentence grants defendants a right to an airing and an explanation, not a result.” Accordingly, a defendant adjudicated as a persistent felony offender has a statutory right to present evidence that might influence the court to exercise its discretion to hand down a sentence as if no recidivism finding existed, while the People retain the burden to show that the defendant deserves the higher sentence. Nevertheless, once a defendant is adjudged a persistent felony offender, a recidivism sentence cannot be held erroneous as a matter of law, unless the sentencing court acts arbitrarily or irrationally (see Rivera at 68).
In Quinones, the Court of Appeals observed that
“New York’s sentencing scheme, in contrast, is a recidivist sentencing scheme. That is, under New York’s scheme, a defendant is subject to an enhanced sentence based solely on the existence of two prior felony convictions. This fact alone places the New York scheme outside the scope of the Apprendi rule. Another distinguishing feature of New York’s sentencing scheme is that it is only after a defendant’s eligibility for an enhanced sentence is determined that a judge is given the discretion to choose the appropriate sentence within a sentencing range prescribed by statute” (12 NY3d at 128-129).
The Quinones Court acknowledged that such a sentencing scheme, which allows for such discretion, is permissible under the Sixth Amendment (see id. at 129; see also Apprendi, 530 US at 481; Booker, 543 US at 235).
Unlike the sentencing schemes in Apprendi, Ring, Blakely, Booker and Cunningham, all of which effectively provided for judicial fact-finding of an element(s) of an offense as a prerequisite to enhancing a sentence beyond the relevant sentencing range, the New York sentencing scheme, after a defendant is deemed eligible to be sentenced as a persistent felony offender, requires that the sentencing court make a qualitative judgment about, among other things, the defendant’s criminal history and the circumstances surrounding a particular offense in order to determine whether an enhanced sentence, under the statutorily prescribed sentencing range, is warranted. Stated differently, New York’s sentencing scheme, by requiring that sentencing *612 courts consider defendant’s “history and character” and the “nature and circumstances” of defendant’s conduct in deciding where, within a range, to impose an enhanced sentence, sets the parameters for the performance of one of the sentencing court’s most traditional and basic functions, i.e., the exercise of sentencing discretion (see Quinones, 12 NY3d at 130).
Accordingly, New York’s discretionary persistent felony offender sentencing scheme is not unconstitutional in that it does not violate defendant’s Sixth Amendment right to a trial by jury.