■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRIEL SMITH, Appellant. [926 NYS2d 466]—

Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered July 29, 2009, convicting defendant, after a jury trial, of burglary in the first degree, unlawful imprisonment in the second degree, assault in the third degree and menacing in the third degree, and sentencing him, as a persistent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

Defendant asserts that the People failed to prove that he knowingly and unlawfully entered a building, a necessary element of his burglary conviction. However, the evidence warrants the inference that defendant knew he was not permitted to enter a locked residential building with a no trespassing sign. While defendant testified he entered as an invitee of a resident, the jury was free to reject that testimony. There is no basis for disturbing the jury's credibility determinations.

Defendant did not preserve his challenge to the sufficiency of the evidence supporting the element of physical injury, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Guidice*, 83 NY2d 630, 636 [1994]).

We also find that the verdict was not against the weight of the evidence with regard to either of the above-discussed issues (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

By failing to object, or by objecting on different grounds from those raised on appeal, defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The remarks at issue properly asked the jury to draw reasonable inferences from the evidence and were responsive to defense counsel's summation which characterized the victim as a drug courier masked as an innocent-appearing college student (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. Defendant's challenge to the constitutionality of that adjudication is unavailing (*see People v Battles*, 16 NY3d 54 [2010]; *People v Quinones*, 12 NY3d 116 [2009]). Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 25 Misc 3d 606.]**